# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONNIE ANGEL ALCALA, | 1:08-cv-01676-DLB HC |
| Petitioner, | ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | [Doc. 1] |
| HECTOR RIOS, Warden, et.al., | |
| Respondents. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

## BACKGROUND

On December 22, 2003, Petitioner was sentenced in the United States District Court for the Western District of Michigan to a term of 135 months of incarceration, for violation of 21 U.S.C. §§ 841, 846, Conspiracy To Possess With Intent To Distribute Methamphetamine. Attachment 1, to Answer, Public Inmate Information Data. Petitioner has a projected release date, via good conduct time release, of June 29, 2013. Id.

Petitioner filed the instant federal petition for writ of habeas corpus on November 3, 2008, and contends that the Bureau of Prisons ("BOP") has failed to adopt programming at USP, Atwater, which he contends is required by the Second Chance Act, and would allow him to receive the full twelve months pre-release custody in an Residential Re-Entry Center ("RRC").

1

| | |
|---|---|
| 1 | Respondent filed an answer to the petition on March 30, 2009. Petitioner did not file a |
| 2 | traverse. |

## DISCUSSION

I. <u>Subject Matter Jurisdiction</u>

Respondent argues that the petition should be dismissed and/or denied because this Court does not have subject matter jurisdiction, Petitioner failed to exhaust the administrative remedies, and the petition fails to state a cognizable claim. The Court will address the threshold question of whether there is subject matter jurisdiction to review Petitioner's challenge.

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3). A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. <u>McCarthy v. Bronson</u>, 500 U.S. 136, 141-42 (1991); <u>Preiser</u>, 411 U.S. at 499. Any deprivation that does not affect the fact or duration of a prisoner's overall confinement is necessarily a condition of that confinement. <u>Jenkins v. Haubert</u>, 179 F.3d 19, 28 (2d Cir.1999). In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74 (2005). In the federal context, <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), provides petitioners with a remedy for violation of civil rights by federal actors. <u>C.f.</u>, <u>Badea v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (challenges to conditions of confinement by state prisoners should be presented in a 42 U.S.C. § 1983 civil rights action rather than a habeas corpus petition).

In the instant petition, Petitioner's sole claim is that the BOP has failed to implement new programming pursuant to the Second Chance Act of 2007, Pub. L. No. 110-199. However, the denial of access to programming does not impact the fact or duration of Petitioner's sentence,

and does not give rise to a claim for which habeas relief can be granted.  Accordingly, this Court does not have subject matter to review the instant challenge under section 2241, and the petition must be dismissed.[1]

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. The instant petition for writ of habeas corpus is DISMISSED for lack of subject matter jurisdiction; and

2. The Clerk of Court is directed to terminate this action in its entirety.

IT IS SO ORDERED.

Dated:   **May 11, 2009**                              /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Because there is not subject matter jurisdiction to review the petition under section 2241, the Court does not reach the alternative grounds for dismissal.