# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONNIE ANGEL ALCALA, | 1:08-cv-01676-DLB HC |
| Petitioner, | ORDER GRANTING PETITIONER LEAVE TO FILE AN AMENDED PETITION |
| v. | [Doc. 1.] |
| HECTOR RIOS, Warden, et.al., | |
| Respondents. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

On May 11, 2009, the Court dismissed the instant petition for writ of habeas corpus for lack of subject matter jurisdiction, and judgment was entered this same date.

On May 25, 2011, the Ninth Circuit affirmed in part and reversed and remanded in part stating:

> The district court correctly concluded that Alcala's claims are not cognizable under 28 U.S.C. § 2241 because they do not concern the fact or duration of his confinement.  *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  Even giving Alcala's pro se complaint "the benefit of liberal construction," *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), the petition challenges the conditions of confinement and therefore should have been brought as a civil rights action. *See Preiser*, 411 U.S. at 489; *see also* 42 U.S.C. § 1983; *Bivens v. Six Uknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395-397 (1971).
>
> The district court erred, however, in failing to grant Alcala leae to amend his complaint. . . . We therefore remand with instructions to allow leave to amend.

(Opinion, at 2.)

In his petition, Petitioner indicates that in 2008, Congress enacted the Second Chance Act to implement various forms of rehabilitative programs for federal prisoners.[1] Petitioner contends that the Bureau of Prisons has not implemented any of these programs. In his request for relief Petitioner requests implementation of new programming only and Petitioner does not allege or request relief that impacts the fact or duration of his sentence. Accordingly, the instant petition must be dismissed for failure to present a cognizable challenge under section 2241. However, the Court will grant Petitioner leave to amend the petition to include allegations which may impact the fact or duration of his sentence. Based on the foregoing, it is HEREBY ORDERED that:

1. Within thirty (30) days from the date of service of this order, Petitioner shall file an amended petition;

2. Petitioner is advised that the amended petition must be complete in itself pursuant to Local Rule 220; and

3. The failure to comply with this order will result in dismissal of the action for failure to prosecute. Local Rule 110.

IT IS SO ORDERED.

Dated:   **August 1, 2011**              /s/ **Dennis L. Beck**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1] In response to numerous judicial decisions, the Second Chance Act also amended 18 U.S.C. § 3624(c), to allow a transfer to a Residential Recreational Center "RRC" for up to the final twelve months of the inmate's sentence.